UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LA DARRELLE RHAMEK DIXON,

        Plaintiff,

v.

Case No. 15-cv-11157

ERIC HOLDER, WILLIAM T. MOORE, JR.,
R. BRIAN TANNER, JENNIFER G. SOLARI,
LORRETTA LYNCH, EDWARD J. TARVER,
NORMA HATFIELD, PAULA O'NEAL,
CHARLES E. SAMUELS, JR., J. A. TERRIS,
PAUL M. LAIRD, JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JOHN DOE 5,
GEORGE WILSON, JR., WILLIAM MALATINSKY,
MARIO BAYONET, RESTITUO POMALOY,
JOHN DOE 6, JOHN DOE 7, MOSER, and
A. McCLATCHKEY,

        Defendants.
_____/

**ORDER SUMMARILY DISMISSING THE COMPLAINT**

**I.  INTRODUCTION**

    This matter has come before the court on a *pro se* civil rights complaint under 28 U.S.C. § 1331.  Plaintiff La Darrelle Rhamek Dixon filed his complaint on March 26, 2015, while he was an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan).  The defendants are various federal officials serving at FCI-Milan, in Washington, D.C., and in the states of Georgia, Kansas, Alabama, and Texas. Because the defendants are federal officials, the Court liberally construes the *pro se* complaint[1] to be brought under *Bivens v. Six Unknown Named Agents of Federal*

---

    [1] Courts are required to liberally construe *pro se* filings.  *Wallace v. FedEx Corp.*, 764 F.3d 571, 583 (6th Cir. 2014).

*Bureau of Narcotics*, 403 U.S. 388 (1971).[2]

The complaint and exhibits allege that, in 2004, Plaintiff was sentenced in the United States District Court for the Southern District of Georgia to 84 months in prison, followed by five years of supervised release, for armed bank robbery. On March 24, 2010, Plaintiff began serving his term of supervised release. He subsequently committed a new crime and failed to make monetary payments as directed by the Probation Office. Accordingly, on December 28, 2012, Chief United States District Judge William T. Moore, Jr., of the Southern District of Georgia revoked Plaintiff's term of supervised release and committed Plaintiff to the custody of the Federal Bureau of Prisons for a term of ten months.

Plaintiff alleges that, on June 10, 2014, he was taken into federal custody to serve the ten-month sentence that Judge Moore imposed on December 28, 2012. In August of 2014, Plaintiff was sent to FCI-Milan, and he apparently remained there until April 9, 2015. Plaintiff has notified the court that he currently resides in Brunswick, Georgia, and records maintained by the Federal Bureau of Prisons on its official website indicate that Plaintiff was released from federal custody on April 9, 2015. *See* http://www.bop.gov/inmateloc.

In his complaint, Plaintiff alleges that he was falsely arrested, illegally housed at FCI-Milan, and repeatedly denied medical treatment at FCI-Milan. He seeks money damages and a declaratory judgment stating that the defendants violated his

---

[2] *Bivens* is the federal analog to a suit brought against state officials under 42 U.S.C. § 1983; it is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).

constitutional rights, that he is entitled to release from federal custody, and that he should be treated immediately for his medical condition, which allegedly includes "hypertrophy of tongue papillae, benign migratory glossitis," and other problems.

## II. LEGAL STANDARD

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.*

### III. ANALYSIS

#### A. The Request for Declaratory Relief

As noted above, Plaintiff seeks a declaratory judgment stating that he is entitled to treatment for his medical condition and to release from federal custody. He has been released from federal custody, however, and as a result of his release, "no actual injury remains that the Court could redress with a favorable decision" on the request for injunctive relief. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009). Thus, Plaintiff's request for declaratory and injunctive relief is moot. *Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009).

#### B. The Request for Money Damages

#### 1. The Allegedly False Imprisonment

The remaining question is whether Plaintiff is entitled to money damages. He alleges that he was unlawfully imprisoned by federal officials from June 10, 2014, to April 9, 2015, following the revocation of parole supervision. This claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted)(emphasis in original). This holding "applies equally to

4

an action brought under *Bivens*," *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir.1998), and to allegations of improper revocation of supervised release. *See Wingo v. Mullins*, 400 F. App'x 344, 347 (10th Cir. 2010) (citing *Heck* and stating that, to the extent the federal prisoner's complaint included a claim that he was coerced into pleading guilty to a crime and into admitting violations of his supervised release, he could not "pursue relief under either § 1983 or *Bivens* until his conviction and revocation [were] reversed or set aside"); *see also Perez v. United States*, No. C-10-246, 2011 WL 4625411, at *2 (S.D. Tex. Oct. 3, 2011) (unpublished opinion stating that a claim based on alleged violations of constitutional rights leading to a state conviction and the revocation of the prisoner's federal supervised release was barred by *Heck* because the prisoner failed to show that either his state or federal convictions had been invalidated).

Plaintiff has not shown that his sentence of ten months was invalidated, and success on his claim of being illegally housed at FCI-Milan would necessarily imply that he was wrongly imprisoned following the revocation of his supervised release. Therefore, Plaintiff's false-imprisonment claim for money damages is barred by *Heck.*

The fact that Plaintiff is no longer incarcerated and may not have an available means for challenging the revocation of his supervised release does not prevent application of *Heck*. *See Heck*, 512 U.S. at 490 n. 10 ("We think the principle barring collateral attacks . . . is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."). It further appears that Plaintiff may have waived his right to substantive review of his challenge to his ten-month sentence, for he admitted to violating at least one mandatory condition of supervised release, and he agreed to Judge Moore's findings of fact, conclusions of law, and the manner in which the

revocation sentence was pronounced. *See* Judgment in *United States v. Dixon,* No. 04-00003, Dkt. # 66 (S.D. Ga. Dec. 28, 2012) and Excerpt of Final Revocation Hearing in *United States v. Dixon*, No. 04-00003 (S.D. Ga. Dec. 28, 2012) (attached to the complaint).

To the extent that Plaintiff argues that his 10-month term was discharged at some point prior to April 9, 2015, this claim also fails. After that sentence was imposed, Plaintiff was returned to the custody of Georgia authorities, to serve the remainder of his state sentence, which was explicitly consecutive to any federal sentence. Pursuant to his own request, Plaintiff was transferred to federal custody on November 15, 2012 for his federal revocation hearing. The 10 month sentence was imposed on December 28, 2012 and Plaintiff was returned to state custody on January 11, 2013. This 57 day period was applied to his 10 month sentence, leaving slightly more than 8 months to serve at the conclusion of the state sentence. Plaintiff mistakenly believes that his federal sentence continued to run concurrently to his state sentence at this time. On the contrary, the federal sentence resumed after he was released from his state sentence back into federal custody, on August 18, 2014. The sentence was completed, as stated above, on April 9, 2015, 234 days later. Plaintiff served no more than the 10 months he was due to serve in the custody of the Bureau of Prisons, and his argument to the contrary has no merit.

### 2. The Alleged Denial of Medical Treatment

Plaintiff also seeks money damages for the alleged denial of medical treatment

6

while incarcerated. Plaintiff brings his medical claim under the Eighth Amendment to the United States Constitution, which prohibits "cruel and unusual punishments." U.S. CONST., amend. VIII.

> A prison doctor violates the Eighth Amendment when she [or he] exhibits "deliberate indifference to [the] serious medical needs" of a prisoner. *Estelle* [*v. Gamble*, 429 U.S. 97, 104 (1976)]. An Eighth Amendment claim has an objective component and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to prove a "sufficiently serious" medical need, and the subjective component requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted).

*Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013).

To demonstrate that a medical need is "sufficiently serious" under the objective component of an Eighth Amendment claim, the plaintiff must show that his or her medical need

> is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotation marks omitted). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

*Id.* The subjective component of an Eighth Amendment claim

> requires a plaintiff to prove that the doctors had a "sufficiently culpable state of mind," equivalent to criminal recklessness. *Farmer*, 511 U.S. at 834, 839–40 (internal quotation marks omitted). To be liable, the doctors need not act "for the very purpose of causing harm or with knowledge that harm will result," *id.* at 835, but they must act with more than mere negligence, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005). . . .

7

> An official is deliberately indifferent where she [or he] (1) "subjectively perceived facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference," and (3) "then disregarded that risk." *Comstock*, 273 F.3d at 703 (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). Since government officials do not readily admit the subjective component, a factfinder may infer from circumstantial evidence, including "the very fact that the risk was obvious," that a prison official knew of a substantial risk. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 550 (6th Cir. 2009) (citations omitted).

*Id.* at 591.

Exhibits to the complaint indicate the following. On August 21, 2014, defendant Restituo Pomaloy examined Plaintiff at FCI-Milan and noted that Plaintiff had no visible lesions and that his general medical condition was "within normal limits." On October 15, 2014, defendant Mario Bayoneto saw Plaintiff about his complaint of blurry vision. The diagnosis was myopia, and the disposition was "Follow-up at sick call as needed." On December 11, 2014, defendant Pomaloy saw Plaintiff about the condition of his taste buds and upper lips. Defendant Pomaloy noted that there were no lesions or symptoms of infection on Plaintiff's tongue and upper lips. Plaintiff was counseled on oral hygiene and access to care.

On December 17, 2014, Plaintiff saw defendant George Wilson, Jr., M.D., due to "a complaint of intermittent perioral bumps and swollen posterior tongue papillae." Dr. Wilson noted that Plaintiff was not experiencing any difficulty swallowing, that he had no oral pain, and that he denied any significant medical problems.

On January 8, 2015, Plaintiff was informed that he would be scheduled for an appointment with the psychology department due to stress, and on January 14, 2015, Hagit Barry, Ph.D., interviewed Plaintiff regarding Plaintiff's complaint of constant

8

worrying, oversleeping, lack of desire to engage in activities, anxiety, difficulty breathing, feeling faint when exercising, and fluctuating appetite. Finally, on January 16, 2015, defendant Pomaloy prescribed Fluoxetine for Plaintiff's "adjustment disorder with mixed anxiety."

Even if the court were to conclude that Plaintiff had a sufficiently serious medical condition, it's clear from the exhibits to the complaint that the health professionals being sued did not ignore a substantial risk to Plaintiff's health. When, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments . . . ." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff's allegations establish nothing more than a difference of opinion about whether additional or different medical treatment was needed. A medical decision not to order certain tests or treatment does not constitute cruel and unusual punishment, *Estelle v. Gamble*, 429 U.S. at 107, and a "difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action." *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004). The Court therefore concludes that, at a minimum, Plaintiff has failed to establish the subjective prong of an Eighth Amendment claim. Because he has not proved both prongs of an Eighth Amendment claim, his claim lacks merit.

### IV. Conclusion

Plaintiff's complaint lacks an arguable basis in law and fails to state a plausible

claim for which relief may be granted. Consequently,

IT IS ORDERED that the complaint is summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1). An appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: September 4, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 4, 2015, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522